

THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.   17-26830-TJC |
| Comfort A. Boateng | * | Chapter   13 |
|     Debtor | * | |
| *  *  *  *  *  *  *  * | * | |
| Deutsche Bank, N.A., | * | |
|     Movant | * | |
| vs. | * | |
| Comfort A. Boateng, *et al.* | * | |
|     Respondents | * | |
| *  *  *  *  *  *  *  *  *  *  *  *  *  * | | |

**<u>MEMORANDUM IN SUPPORT OF RULE 60 MODIFICATION OF ORDER AND SUPPLEMENTAL FINDINGS AS DIRECTED BY THE U.S. DISTRICT COURT</u>**

    On January 28, 2019, the Honorable Peter J. Messitte of the United States District Court issued a Memorandum (ECF 122) remanding the appeal of an Order Granting Nationstar Mortgage LLC d/b/a Mr. Cooper In Rem Relief from the Automatic Stay as to Real Property Commonly Known as 12600 Nichols Promise Drive, Bowie, MD 20720 (the "Lift Stay Order"). On appeal to the District Court, the debtor Comfort A. Boateng contends that the Lift Stay Order (ECF 79) should be vacated because it is in favor of Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), and Nationstar was not the moving party; instead, the party seeking stay relief

1

was Deutsche Bank, National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE2 ("Deutsche Bank"), and its assignee and/or successors in interest. The District Court seeks supplemental findings from the bankruptcy court to determine the true status of Deutsche Bank and Nationstar with respect to the real property at issue in the appeal.

In response to the District Court's Memorandum, this court entered an order allowing the parties to make submissions on the issue raised in the Memorandum. The parties submitted supplemental filings, and the court held a hearing on April 2, 2019.

On April 4, 2019, this court sua sponte sought leave from the District Court to modify or correct the Lift Stay Order to the extent allowed by Fed. R. Civ. P. 60(a), made applicable here by Fed. R. Bankr. P. 9024. ECF 131. The District Court granted leave by order entered on April 5, 2019. ECF 133.

For the reasons stated herein, the court will correct any confusion in the Lift Stay Order, as allowed under Rule 60(a), by granting relief to "Deutsche Bank, National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE2, and its assignees, successors in interest, or agents." The corrected order will clarify that the relief in the Lift Stay Order runs to the party who sought stay relief and its assignees, successors, and agents.

In addition, although perhaps mooted by the clarification to the Lift Stay Order, the court makes the supplemental findings requested by the District Court, finding that Nationstar is the servicer of the loan on behalf of Deutsche Bank.

I.

The debtor filed for relief under Chapter 13 on December 18, 2017. On April 3, 2018, Deutsche Bank filed an amended motion for relief from the automatic stay against the debtor and the co-debtor spouse Kofi Boateng seeking relief to enforce its rights against 12600 Nichols

Promise Drive, Bowie, Maryland (the "Property"). ECF 55. *See also* ECF 41 (Deutsche Bank filed its original motion for relief from stay and co-debtor stay on March 6, 2018.). The motion was filed on behalf of Deutsche Bank and its "assignee and/or successors in interest." ECF 55 at 1. The motion requested various forms of relief. It sought relief from the automatic stay under 11 U.S.C. §362(d)(1) and (2).[1] The motion asserted the value of the Property was $482,464 based on the debtor's Schedule A, and the loan balance was $1,099,477.90. The motion contended that relief from the automatic stay was required for cause, and that the Property was not necessary for an effective reorganization. *Id*. at ¶8. The motion also sought in rem relief under §362(d)(4). It alleged that the loan was due for January 1, 2009, and that the prepetition arrears exceeded $475,000, on a loan that had an original principal balance of $620,000. *Id*. at ¶¶3, 11, 12. The motion stated that the instant case was the third bankruptcy case filed by the debtor or her spouse, which also were filed on the eve of foreclosure of the Property. *Id.* at ¶9. The prior cases were dismissed within two months of the filing when the debtor or her spouse failed to file necessary documents. *Id*. Finally, the motion sought relief under the co-debtor stay of §1301. The debtor filed oppositions. *See* ECF 51, 63 and 66.

     On April 30, 2018, the court held a hearing on the motion. The debtor, with counsel, was present at the hearing, although she did not testify or present any evidence. In ruling from the bench, the court determined that Deutsche Bank had carried its burden of proving there was no equity in the Property, and that the debtor had failed to carry its burden of proof with respect to whether there was adequate protection on the Property or whether it was necessary for an effective reorganization. *See* §362(d)(1) and (2); *see also* §362(g) (debtor carries burden of proof on all issues other than whether there is equity in the property). As to the equitable relief

---

[1] Unless otherwise noted, all statutory references herein are to the Bankruptcy Code, 11 U.S.C. §101 *et seq*., as currently in effect.

sought under §362(d)(4), the court found that Deutsche Bank established that the filing of the petition was part of the debtor's and her spouse's scheme to hinder or delay the creditor from exercising its rights under the loan documents.  The court granted Deutsche Bank's request for relief from the automatic stay under §§362(d)(1) and (2) and granted in rem relief under §362(d)(4).

As is the procedure in this court, *see* Local Rule 9013-3(b), after obtaining relief from stay, Deutsche Bank was required to upload an order granting the relief.   The Lift Stay Order, entered as uploaded, states that the automatic stay is lifted as to "Nationstar Mortgage LLC d/b/a Mr. Cooper" and does not mention Deutsche Bank in the body of the order.  ECF 79.

## II.

Fed. R. Civ. P. 60, applicable here by Fed. R. Bankr. P. 9024, provides that the court may correct an error in an order when the appellate court grants leave.

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).  Clarifying changes permitted under Rule 60(a) are not limited to mere clerical errors but include mistakes that create "unintended ambiguity that obfuscates the court's original intent."  *Sartin v. McNair Law Firm, P.A.,* 756 F.3d 259, 265-266 (4th Cir. 2014).  "Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement."  *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012).

Here, the amended motion for relief from the automatic stay was filed by "Deutsche Bank, National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation

4

Trust 2006-HE2, its assignees and/or successors in interest." ECF 55. The Lift Stay Order, however, was in favor of "Nationstar Mortgage LLC d/b/a Mr. Cooper." ECF 79. This created unnecessary confusion, because the face of the Lift Stay Order does not identify the role of "Nationstar Mortgage LLC d/b/a Mr. Cooper" or its relationship to Deutsche Bank. Further, it was an oversight on the part of the court not to notice that the order was in favor of "Nationstar Mortgage LLC d/b/a Mr. Cooper" in the order as uploaded by Deutsche Bank's counsel.

The court will correct the oversight and issue an amended order granting relief from the automatic stay to "Deutsche Bank, National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE2, its assignees, successors in interest and agents." This correction is well within the scope of relief allowed by Rule 60(a). Because the Lift Stay Order was in favor of "Nationstar Mortgage LLC d/b/a Mr. Cooper" the order obfuscated the court's intention of granting relief to Deutsche Bank and its successors, assigns and agents. While it is the case that, as discussed below, Nationstar is the servicer on the loan and therefore may properly act on behalf of Deutsche Bank, by amending the Lift Stay order the court eliminates any potential confusion over to whom the relief in the order runs.

III.

The court turns to the factual question of the relationship between Deutsche Bank and Nationstar. The evidence establishes that Nationstar is the servicer of the loan, which is owned by Deutsche Bank.

At the remand hearing held on April 2, 2019, Deutsche Bank introduced into evidence a certified copy of the affidavit filed in support of the foreclosure of the Property in the Circuit Court for Prince George's County, Maryland. The debtor and her spouse are parties to that action. The affidavit states:

5

> Nationstar Mortgage LLC services and maintains records on behalf of Deutsche Bank, National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE2, the secured party to the mortgage or deed of trust being foreclosed on in this action.

Deutsche Bank Ex. 1 at 1. It also states that:

> Deutsche Bank, National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE2 is the owner of said note or other debt instrument.

*Id*. at 3.

Further, in the bankruptcy case, Deutsche Bank filed a proof of claim on March 6, 2018, Proof of Claim No. 3-1.[2] Deutsche Bank stated in the proof of claim, filed under penalty of perjury, that both payments and notices should be sent to "Nationstar Mortgage LLC d/b/a Mr. Cooper." *Id*. at 1. It also included a "Mortgage Proof of Claim Attachment," which expressly stated

> Nationstar Mortgage LLC d/b/a Mr. Cooper services the loan on the property referenced in this proof of claim.

*Id*. at 5.

This evidence establishes that Nationstar is the loan servicer for Deutsche Bank. Against this evidence, the debtor submitted into the record at the hearing two documents, each labeled Assignment of Deed of Trust, that she contends create uncertainty as to who is entitled to enforce the note. Her argument is unavailing.

The first Assignment of Deed of Trust is dated April 27, 2012, and purported to assign the deed of trust to Deutsche Bank. Debtor Ex. 2. This assignment described the original lender as Intervale Mortgage Corporation, and was recorded at liber no. 33664, page 085. The second Assignment of Deed of Trust is dated August 2, 2013, and purported to assign the deed of trust to

---

[2] In the bankruptcy case, the debtor filed an objection to the proof of claim. ECF 49. The debtor argued that the Deutsche Bank's claim should be disallowed because it was a late-filed claim. The objection did not dispute that Deutsche Bank was the promissory note holder or challenge that Nationstar is the loan servicer.

Nationstar.  Debtor Ex. 1.  This assignment described the original lender as "Mortgage Electronic Registration Systems, Inc., as Nominee for Intervale Mortgage Corporation" and was recorded at liber no. 35266, page 550.

These documents are not legally relevant to the question of who may enforce the loan. "Whether a negotiable instrument, such as a deed of trust note, is transferred or negotiated dictates the enforcement rights of the note transferee." *Anderson v. Burson,* 35 A.3d 452, 461 (Md. 2011).  "[A] deed of trust secures a negotiable note, whoever may be the holder." *Svreck v. Rosenberg,* 40 A.3d 494, 507 (Md. 2012).

> A deed of trust securing a negotiable promissory note "cannot be transferred like a mortgage; rather, the corresponding note may be transferred, and carries with it the security provided by the deed of trust." *Anderson*, 424 Md. at 246, 35 A.3d at 460 (*citing Le Brun v. Prosise*, 197 Md. 466, 474, 79 A.2d 543, 548 (1951)). Thus, once the note is transferred, "the right to enforce the deed of trust follow[s]." *Svrcek v. Rosenberg*, 203 Md. App. 705, 727, 40 A.3d 494, 507 (2012).

*Deutsche Bank Nat'l Trust Co. v. Brock*, 63 A.3d 40, 48 (Md. 2013).  In Maryland, the assignment of a deed of trust is a nullity:

> [A] deed of trust need not and properly speaking cannot be assigned like a mortgage, . . . but the note can be transferred freely, and, when transferred, carries with it the security, if any, of the deed of trust . . . . The note and the mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, *while an assignment of the latter alone is a nullity.*

*LeBrun v. Prosise*, 79 A.2d 543, 548 (Md. 1951) (emphasis added and citations omitted). Accordingly, the two assignment documents that purported to assign the deed of trust six and seven years ago are not relevant to the issue of whether Deutsche Bank, directly or through its servicer Nationstar, can enforce the note.

IV.

The court now turns to an issue raised by the debtor that is implicitly raised by the District Court's Memorandum, namely, who may enforce the note. "[A] negotiable promissory note secured by a deed of trust is governed by the Commercial Law Article of the Maryland Code . . . ." *Brock,* 63 A. 3d. at 48 (citation omitted). As the Court of Appeals pointed out in *Brock*, the question of who may enforce a note is governed by several provisions of the commercial law article. Md. Code Ann., Com. Law §3-301 provides that a:

> Person entitled to enforce" an instrument means (i) the *holder* of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3-309 or 3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Com. Law §3-301 (emphasis added). A "holder" is:

> (i) The person in possession of a negotiable instrument that is payable either *to bearer* or to an identified person that is the person in possession; or (ii) The person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession.

Com. Law §1-201(b)(21) (emphasis added). "Bearer" is "a person in possession of a negotiable instrument, document of title, or certificated security that is payable to bearer or indorsed in blank." Com. Law §1-201(b)(5).

> A promise or order is payable to bearer if it: (1) States that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment; (2) Does not state a payee; or (3) States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

Com. Law §3-109. Thus, one who possesses a note indorsed in blank is the "holder" of the note and entitled to enforce it. *Brock*, 63 A.3d at 49.

Further, contrary to the debtor's suggestion, the person entitled to enforce the note need not be the owner of the note:

8

> The Commercial Law Article makes clear, however, the distinction between a holder and an owner. As the Comment to § 3–203 states, "[t]he right to enforce an instrument and ownership of the instrument are two different concepts." The holder of a note is "entitled to enforce the instrument even [if it is] not the owner of the instrument or is in wrongful possession of the instrument." *Id.* at §3-301.

*Id.*

Here, the copy of the note submitted with the lift stay motion shows that the debtor and her spouse signed the original note on September 21, 2006, to the order of the Intervale Mortgage Corporation. ECF 55-2. At the end of the note, there are two indorsement stamps showing that the note was negotiated twice. The first indorsement was signed and sealed by Intervale Mortgage Corporation, as follows:

> PAY TO THE ORDER OF
> DECISION ONE MORTGAGE COMPANY, LLC
> WITHOUT RECOURSE
> Intervale Mortgage Corporation
> [signature of Melissa McDermott]
> Decision One Mortgage Company, LLC
> For Intervale Mortgage Corporation
> Melissa McDermott Asst. Secretary

ECF 55-2 at 3. This indorsement had the effect of transferring the note to the order of Decision One Mortgage Company, LLC. The second indorsement was signed and sealed by Decision One Mortgage Company, LLC, and was indorsed in blank:

> Without Recourse
> For valuable consideration
> Decision One Mortgage Company, LLC
> Assigns all rights, title and interest to
> [BLANK]
> Decision One Mortgage Company, LLC
> [signature of Melissa McDermott]
> Asst. Secretary

*Id.*

Further, at the remand hearing, counsel for Deutsche Bank produced for copying and inspection the original promissory note. Deutsche Bank Ex. 2. The note is endorsed in blank. *Id*. at 3. Because the indorsement is in blank, under the above provisions of the Uniform Commercial Code as adopted in Maryland, the party in possession of the note is the holder and the party entitled to enforce it. *Accord*, *Brock,* 63 A.3d 40. This means that Deutsche Bank is entitled to enforce the note, and if it delivers the note to Nationstar, its servicer, Nationstar may enforce the note.

For the foregoing reasons the court (1) will amend the Lift Stay Order to be in favor of "Deutsche Bank, National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE2, its assignees, successors in interest and agents" and (2) finds that Nationstar is the servicer of the loan owned by Deutsche Bank that is the subject of the motion for relief from stay; and (3) because the note is indorsed in blank, the holder of the note may enforce it.

cc:	Debtor
	Debtor's Counsel
	Movant
	Movant's Counsel

**END OF MEMORANDUM AND SUPPLEMENTAL FINDINGS**